**Cite as:  Opinion No. 98-010**
**(April 28, 1998)**
**(unpublished)**


**CHARTER HOME RULE COUNTIES – TAXATION –
ELECTIONS – REFERENDA – INVALIDITY OF PROPOSED
MONTGOMERY COUNTY CHARTER AMENDMENT ON
TAX INCREASES**


April 28, 1998


*Charles W. Thompson, Esquire*
*County Attorney for Montgomery County*


You have requested our opinion concerning the validity under State law of a proposed amendment to the Montgomery County Charter that, as your letter requesting our opinion summarizes it, "would require any tax increase imposed by the Montgomery County Council to be approved by the voters in a referendum."  In a legal memorandum accompanying your request, a copy of which is attached, your office interpreted the proposed amendment; expressed the opinion that the amendment was inconsistent with State law; and concluded that, as a result, the amendment could not lawfully be submitted to the voters.

Adhering to our longstanding practice, we defer to your construction of local law – in this case, the proposed amendment to the County Charter and its relationship to other charter provisions.  We likewise defer to your office on the question whether the description of the proposed amendment in the petition seeking to have it placed on the ballot was misleading.

Taking your construction of the proposed amendment as a starting point, we have reviewed the pertinent State statutory and case law authority, which your memorandum analyzed in detail and which we will not repeat here.  Although the relevant case law leaves some room for doubt, we concur with your conclusions about the relationship between the proposed amendment and grants of taxing authority under State law. Specifically, we conclude that:

1.      Public general law authorizes Montgomery County to impose a property tax, a county income tax, and an admissions and amusement tax.  The statutes laying out the framework for the exercise of

1

this authority do not, in our opinion, authorize the inconsistent framework in the proposed referendum requirement. For example, the referendum process would lead to an improper variation between the effective date of a property or income tax increase prescribed in public general law and the proposed charter amendment.

2.     Several public local laws, itemized in your memorandum, authorize the Montgomery County Council to impose a real property transfer tax, various excise taxes, and a revenue tax on certain trailer spaces. These grants of authority to the County Council evidence no legislative intention that the Council's exercise of discretion be subject to referendum. Therefore, the proposed amendment may not be applied to these taxes.

We are not suggesting that a charter requirement for a referendum on tax increases is necessarily improper under all circumstances. *See generally* letter of advice from Assistant Attorney General Richard E. Israel to Senator Decatur W. Trotter (December 4, 1996). We do conclude, however, that a referendum provision is not permissible if, as here, it is inconsistent with taxing schemes authorized by the General Assembly.

Your memorandum also concluded that, in light of the legal bar to applying the proposed charter amendment to the County's and County Council's current taxing authority, the referendum on the proposed charter amendment itself would be an impermissible "straw vote." We agree. Although the charter amendment could potentially have effect in the future, depending on how the General Assembly frames future legislation, the present inconsistency between the charter amendment with State law forecloses a vote on the proposed amendment. *Montgomery County v. Board of Elections*, 311 Md. 512, 536 A.2d 641 (1988).

J. Joseph Curran, Jr.
*Attorney General*

Jack Schwartz
*Chief Counsel*
*Opinions and Advice*

2